## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**JERRY CLAY, #184625**

      **Petitioner,**

                                         **Civil No: 04-71996**
                                         **Honorable  Arthur J. Tarnow**
                                       **Magistrate Judge Steven D. Pepe**

**v.**

**THOMAS BIRKETT,**

      **Respondent.**
_____

## MEMORANDUM OPINION & ORDER DENYING
## PETITION FOR WRIT OF HABEAS CORPUS

## I.  INTRODUCTION

      This matter is before the Court on Petitioner's, Jerry Clay's, *pro se* request for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254.  Respondent filed his Answer in Opposition to Petition for Writ of Habeas Corpus; and Petitioner filed his Reply Brief in Support of Petition for Writ of Habeas Corpus 12(A)(2). Petitioner was charged with and convicted of assaulting  a corrections officer in violation of MCL §750.197c; MSA §28.394(3), subsequent to a jury trial in Kent County Circuit Court.  Petitioner was sentenced, as an habitual fourth felony offender, pursuant to MCL §769.12; MSA §29.1084, to three to fifteen years' imprisonment.

*Clay v. Birkett* - Case No. 04-71996

Petitioner challenges the legality of his conviction and raises four issues for the Court's review. First, Petitioner asserts that he is entitled to a new trial because he did not knowingly and intelligently waive his right to counsel at trial. Second, Petitioner maintains that he was denied a fair trial when the prosecutor made prejudicial statements to the jury during closing arguments. Third, Petitioner contends that the habitual offender charge must be reversed due to the prosecutor's inability to prove beyond a reasonable doubt that the Petitioner committed one of his alleged past offenses. Finally, Petitioner argues that he was not lawfully imprisoned pursuant to MCL §750.197c; MSA §28.394(3), and therefore the appellate court was required to reverse his assault of a corrections officer conviction.

Respondent's position is three-fold. First, Respondent asserts that Petitioner's claim regarding the prosecutor's comments during summation is procedurally defaulted; and there has been an insufficient showing of "cause" or "prejudice" to overcome this procedural hurdle. Second, Respondent argues that Petitioner's claim that he was not lawfully imprisoned is a state law claim and not cognizable under the rules of law relative to habeas review. Finally, Respondent maintains that Petitioner's claims relative to the habitual offender charge and his self-representation at trial claim are without merit; and the Michigan Court of Appeals' decision relative to those issues was based upon an objectively reasonable application of clearly established U.S. Supreme Court law.

Upon review of the pleadings, the Court denies Petitioner's Writ of Habeas Corpus.

*Clay v. Birkett* - Case No. 04-71996

## II. **STATEMENT OF FACTS**

Petitioner challenges his conviction for assault on a corrections officer. The Michigan Court of Appeals summarized the facts.

> In March 1994, [Petitioner] was released from jail after serving sentences for convictions unrelated to [this matter]. The sentencing terms required that [Petitioner] remain on a tether for six months. However, on March 8, 1994, Petitioner cut off his tether and absconded. On March 14, 1994, a bench warrant was issued for [Petitioner's] probation violation.
>
> On March 17, 1994, police officers were stopped behind a vehicle waiting at a traffic light. [Petitioner] got out of the vehicle and spoke to the driver. The traffic signal turned green, but the vehicle did not proceed through the light. Eventually, [Petitioner] moved away from the vehicle and headed toward a gas station. He did not respond to a police officer's request to talk. [Petitioner] then fled and the police gave chase. [Petitioner] turned to look over his shoulder and, consequently ran into a police cruiser, which rendered [Petitioner] unconscious. A loaded pistol was found on [Petitioner], and he was arrested for carrying a concealed weapon, MCL §750.227; MSA §28.424.

*People v. Clay,* 239 Mich. App. 365, 366; 608 N.W.2d 76 (2000)(reversed on other grounds).

Petitioner was subsequently taken to Kent County Correctional Facility where he was processed and arraigned. When it became apparent to the Petitioner that he was going to be placed in an observation cell, Petitioner allegedly physically resisted. Other corrections officers were called for assistance. Once Petitioner was inside of the cell, the corrections officers proceeded to leave. However, one of the corrections officers was unable to exit the cell before the cell door cycled shut.

Officer Arthur Freeman testified that he witnessed the Petitioner strike the officer with his fist. As the Petitioner and the officer proceeded to struggle, the cell door re-opened, and

3

*Clay v. Birkett  -  Case No.  04-71996*

several officers entered the cell.  They stopped the fight and subdued the Petitioner by handcuffing him and placing him under the bunk bed.  Several officers testified that as they were leaving the cell, verbal threats were made to them by the Petitioner.

## III.  <u>PROCEDURAL HISTORY</u>

Petitioner appealed his conviction for assaulting a corrections officer to the Michigan Court of Appeals.  He raised the following issues for the court's review: (1) whether Petitioner was entitled to a new trial because he did not knowingly and intelligently waive his right to counsel at trial; (2) whether Petitioner was denied a fair and impartial trial when the prosecutor made prejudicial statements to the jury during summation; and (3) whether Petitioner was properly charged and sentenced as an habitual (fourth offense) offender.

In an unpublished per curiam opinion, the Michigan Court of Appeals affirmed Petitioner's conviction and sentence for the assault of a corrections officer offense and as a fourth felony offender.  *People v. Clay,* 1997 WL 33354444, Mich. Ct. App. No. 183102 (per curiam) (January 21, 1997).  In its opinion denying relief, the Michigan Court of Appeals made three findings.

First, the Court of Appeals clarified that the Petitioner acknowledged that he initially and properly waived his right to counsel upon the trial court's inquiry at a pre-trial hearing and directly prior to the start of *voir dire*.  However, Petitioner's claim was that the trial court should have reconfirmed Petitioner's waiver of his right to counsel during his assault and habitual offender trials.  The Court of Appeals held that MCR 6.005(E) only requires

4

*Clay v. Birkett* - Case No. 04-71996

reconfirmation of a defendant's waiver of the right to an attorney prior to a subsequent proceeding, but does not require reconfirmation on each day of the proceeding. Moreover, the Court of Appeals acknowledged that the record reflects Petitioner's continued waiver of counsel throughout the trial court proceedings. (that is at a pre-trial hearing, on the day of *voir dire,* during trial court proceedings, at the end of the habitual offender trial, and at his sentencing hearing). Therefore, the Court of Appeals denied relief.

Second, although the appellate court found improper the prosecutor's argument to the jury that it should consider Petitioner's questions of his witnesses as evidence of guilt, it nonetheless held that the Petitioner was not entitled to any relief. The court refused to reverse the convictions for three reasons: (1) Petitioner failed to place an objection on the record at trial relative to this issue; (2) a curative instruction was given to the jury; and (3) the evidence against the Petitioner was overwhelming.

Finally, Petitioner claimed that he should not have been sentenced as an habitual fourth felony offender because there was insufficient evidence to show that he had been convicted of one of the four offenses (i.e., obstruction of justice). The appellate court disagreed and found that the evidence was sufficient to establish that the Petitioner committed the obstruction of justice offense.

Petitioner also appealed his carrying a concealed weapon (hereinafter "CCW") and habitual fourth offense offender conviction and sentence, which was challenged by the

5

*Clay v. Birkett* - Case No. 04-71996

prosecution.  It was Petitioner's arrest for the CCW offense which placed Petitioner in the jail cell where the alleged assault occurred.

Petitioner subsequently filed an application for leave to appeal with the Michigan Supreme Court and sought review of the same issues set forth above relative to his assault upon a corrections officer and habitual offender convictions and sentence.    While Petitioner's application was pending, in an unpublished per curiam opinion, the Michigan Court of Appeals reversed and remanded Petitioner's CCW and habitual offender conviction and sentence for further proceedings.  *People v. Clay,* 1997 WL 33352783, Mich. Ct. App. No. 183101(per curiam) (April 11, 1997).  The appellate court held that: (1) the police officers did not have probable cause to arrest the Petitioner; and (2) the weapon found on Petitioner's person was the fruit of an illegal arrest.   The prosecution appealed the decision to the Michigan Supreme Court.  The Court denied relief stating:: "[o]n order of the Court, the application for leave to appeal is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court."  *People v. Clay,* 456 Mich. 876; 569 N.W.2d 164 (1997).

After the prosecution failed to prevail on its application for leave to appeal to the Michigan Supreme Court relative to the CCW and habitual offender offense and sentence, respectively, the Michigan Supreme Court entered an order denying Petitioner's application for leave to appeal relative to his assault of a corrections officer and habitual offender conviction and sentence, stating: "On order of the Court, the application for leave to appeal

6

*Clay v. Birkett* - Case No. 04-71996

is considered, and is DENIED because we are not persuaded that the questions presented should be reviewed by this Court." *People v. Clay,* 456 Mich. 888; 570 N.W.2d 658 (1997).

Petitioner then filed a motion for relief from judgment with the trial court relative to his conviction for assaulting a corrections officer. The basis of his motion was the Michigan Court of Appeals reversal of his CCW conviction. Petitioner claimed that he was not "lawfully imprisoned" pursuant to MCL §750.197c; MSA §28.394(3)[1] at the time he allegedly assaulted an officer, which requires the reversal of his assault conviction. The trial court denied Petitioner's request for relief on December 30, 1997. Petitioner proceeded to file an appeal of right with the Michigan Court of Appeals and raised the same issue. The appellate court issued a published opinion affirming the decision of the trial court. *People v. Clay,* 239 Mich. App. 365; 608 N.W.2d 76 (2000). The *Clay* court held that the prosecution in this case was not required to prove that Petitioner was "lawfully imprisoned" before he was charged with assaulting an officer while being detained. *Id.* at 371-72.

---

[1] MCL §750.197c; MSA §28.394(3) penalizes assaultive conduct upon a corrections officer at various stages of a criminal proceeding. The statutory subsection states as follows: " A person ***lawfully imprisoned*** in a jail, other place of confinement established by law for any term, or lawfully imprisoned for any purpose at any other place, including, but not limited to hospitals and other health care facilities or ***awaiting examination, trial, arraignment, sentence****,* or after sentence awaiting or during transfer to or from a prison, for a crime or offense, or charged with a crime or offense who, without being discharged from the place of confinement, or other lawful imprisonment by due process of law, through the use of violence, threats of violence or dangerous weapons, assaults an employee of the place of confinement or other custodian knowing the person to be an employee or custodian or breaks the place of confinement and escapes, or breaks the place of confinement although an escape is not actually made, is guilty of a felony." (Emphasis added).

*Clay v. Birkett* - Case No. 04-71996

However, HOLBROOK, JR., J. authored a strong dissent agreeing with the "majority's recitation of the relevant rules of statutory interpretation," but disagreeing "with its application of those rules to the language of MCL §750.197c; MSA §28.394(3)." *Id.* at 373. Judge Holbrook opined that Petitioner's conviction for assaulting an officer should have been reversed. *Id.* at 379. Petitioner filed an application for leave to appeal with the Michigan Supreme Court relative to the same issue. The Michigan Supreme Court entered an order on October 31, 2000 granting relief to the Petitioner by stating: "[a]pplication for leave to appeal from the January 11, 2000 decision of the Court of Appeals is GRANTED, limited to the question whether the Court of Appeals correctly interpreted the requirements of MCL §750.197c; MSA §28.394(3)." *People v. Clay,* 463 Mich. 906; 618 N.W.2d 772 (2000). The Michigan Supreme Court issued another order stating the following:

> Prosecutor has conceded in his brief on appeal that the dissent in the Court of appeals correctly construed a statute. We conclude as well that the dissent's construction is the correct one. Accordingly, we REVERSE the judgment of the Court of Appeals and we REMAND the case to the Court of Appeals to decide whether the defendant's imprisonment was lawful. The motion to add additional issues is DENIED.

*People v. Clay,* 463 Mich. 971; 623 N.W.2d 597( 2001).

On remand, in a published opinion, the Michigan Court of Appeals agreed with Judge Holbrook's dissent and reversed the Petitioner's conviction of assaulting an officer. *People v. Clay,* 247 Mich. App. 322, 324; 636 N.W.2d 303 (2001). The *Clay* court held that the Petitioner was not "lawfully imprisoned" at the time he allegedly assaulted an officer, and

therefore could not be convicted of the assault offense. *Id.* The prosecution filed an application for leave to appeal with the Michigan Supreme Court and was granted the requested relief on April 30, 2002. *People v. Clay,* 466 Mich. 860; 643 N.W.2d 578 (2002).

After a review of the briefs and oral argument, the Michigan Supreme Court reversed the decision of the Michigan Court of Appeals finding that the Petitioner was "lawfully imprisoned" for the CCW charge despite the fact that his conviction of the offense was overturned. *People v. Clay,* 468 Mich. 261, 267-68; 661 N.W.2d 572 ( 2003). Accordingly, the *Clay* Court reinstated the trial court's denial of Petitioner's motion for relief from judgment; and the assault conviction remained. *Id.* at 269. Justice Kelly in dissent stated that since Petitioner was illegally stopped, he could not have been "lawfully imprisoned" within the meaning of MCL §750.197c; MSA §28.394(3). *Id.* Therefore, Justice Kelly determined that the Michigan Court of Appeals' decision should be affirmed, requiring the reversal of Petitioner's assault conviction. *Id.* at 271.

Petitioner sought a rehearing on the matter before the Michigan Supreme Court on June 18, 2003. However, his request for relief was denied. *People v. Clay,* 468 Mich. 1249; 683 N.W.2d 140 (2003).

On May 26, 2004, Petitioner filed a Petition for Writ of Habeas Corpus, raising the following issues: (1) whether Petitioner was entitled to a new trial because he did not knowingly and intelligently waive his right to counsel at trial; (2) whether Petitioner was denied a fair and impartial trial when the prosecutor made prejudicial statements to the jury

*Clay v. Birkett* - Case No. 04-71996

during summation; (3) whether Petitioner was properly charged and sentenced as an habitual (fourth offense) offender; and (4) whether Petitioner's conviction for the assault of a corrections officer should be set aside because of Petitioner's unlawful imprisonment at the time the alleged assault occurred.

Respondent's answer to Petitioner's request for habeas relief is the same as previously stated.

## IV. <u>STANDARD OF REVIEW</u>

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. 28 U.S.C. § 2254(d).

Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of

10

materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410-11.

## V. APPLICABLE LAW & ANALYSIS

### A. Whether Petitioner Effectively Waived his Right to Counsel

Petitioner represented himself at trial. He asserts that he did not knowingly and intelligently waive his right to counsel in violation of MCR 6.005 and the Sixth Amendment. Specifically, he claims that: (1) he was never advised of the dangers or disadvantages of self representation; and (2) Petitioner's initial request to decline counsel was not reconfirmed throughout the trial proceedings by the trial court. The Respondent responds that Petitioner's claim is not cognizable because it is solely based upon state law (i.e., MCR 6.005(D) and (E)) and that even if this claim were cognizable, it would still fail because the Michigan Court of Appeals' application of U.S. Supreme Court law was reasonable.

Petitioner's claim is premised upon federal and state law. On direct appeal, in Petitioner's initial application filing and within his Reply Brief in Support of Petition for Writ of Habeas Corpus Fed. R. Civ. P. 12(A)(2), Petitioner specifically cites Michigan court

11

*Clay v. Birkett*  -  Case No.  04-71996

rules and state law as well as the Sixth Amendment as being the  basis for his claim.
Petitioner also cites U.S. Supreme Court case law in support of his position.  The U.S.
Supreme Court has held that the right to self-representation is a constitutional right under the
Sixth Amendment.  *Faretta v. California,* 422 U.S. 806, 819-21 (1975).   Therefore, the
Court will address the merits of Petitioner's claim.   However, the Court agrees with
Respondent's alternative argument (i.e., that the Michigan Court of Appeals applied the
federal law relative to this issue reasonably based upon the factual circumstances presented).
Accordingly, the Court denies habeas relief relative to this issue and finds that the trial court
complied with all of the requirements to make Petitioner's waiver of his right to counsel
effective.   A review of the dialogue between the Court and Petitioner during the trial court
proceedings and its application to the law in this area fully supports the Court's decision.

First, on April 12, 1994, Petitioner's preliminary examination and his attorney's
motion to withdraw as counsel were scheduled to be heard.  Petitioner's attorney at the time,
Mr. Hillary, informed the court of the following: (1) Petitioner had a pending CCW case in
front of another judge, in which he was representing himself; (2) Petitioner no longer wanted
Mr. Hillary to be his attorney and wanted to represent himself in the matter presently before
the trial court; (3) Petitioner represented himself on a "UDAA charge with a supplement on
it" in 1993 and was acquitted by a jury; and (4) Petitioner has shown competent to represent
himself in the past. *(Motion to Withdraw as Counsel Transcript, dated 4/12/94, pp. 4-5).*
The subsequent colloquy between the trial court and Petitioner was as follows:

12

*Clay v. Birkett* - Case No. 04-71996

**The Court:** Mr. Clay, you've heard what Mr. Hillary has said. Is that your desire to represent yourself in these proceedings?

**Mr. Clay:** Yes, it is, Your Honor.

**The Court:** Before allowing you to do so I'm required to advise you that, again, that you are charged as–with the offense of assault on a corrections officer, a felony offense which statutorily [carries] a penalty of confinement for up to four years in the State Department of Corrections and/or a 2000 dollar fine is provided. In addition, there is appearing on this complaint, although it's not a subject of today's proceedings, a supplemental charge alleging you to be a fourth felony habitual offender, which, if convicted of the assault charge plus the supplement, means that the maximum penalty goes from four years to up to fifteen years. You're aware of that?

**Mr. Clay:** Yes, I am, your Honor.

**The Court:** I'm also advised and required to inform you that it is deemed to be a risk to represent one's self. Typically in a trial of a criminal case, when one is personally involved in it, one loses his or her perspective and judgment, and can't frequently act as appropriately or as is frequently expected in a courtroom, and that often puts you at risk of jeopardizing your case before any fact finder. You recognize those risks?

**Mr. Clay:** Yes, sir, I do.

**The Court:** Do you understand that Mr. Hillary is among the most competent criminal trial attorneys in this county and his services are being offered to you at no cost?

**Mr. Clay:** Yes, I do.

**The Court:** And you have the right to have his representation, you understand?

**Mr. Clay:** Yes, I do.

**The Court:** And knowing all of those things, it's your desire to proceed in *pro per* and represent yourself?

**Mr. Clay:** Yes, sir.

**The Court:** The law in this State, as I understand it, is that an accused individual, when informed of these things, does have the right, if they so choose, to act as their own counsel, and given those circumstances and the fact as pointed out Mr. Hillary–by Mr. Hillary, that Defendant has done the same

13

*Clay v. Birkett  -  Case No.  04-71996*

thing on previous occasions, has been granted the right to do so in a pending case, the Court is of the opinion then Mr. Clay should be afforded the opportunity to represent himself. Mr. Hillary, you are permitted to withdraw as counsel in the case.  The only last thing that I want to know, Mr. Clay, is that I will offer Mr. Hillary's services to you as a legal counsel, not as attorney of record, to advise you on legal matters if you so choose. Do you wish his–the benefit of his expertise for those purposes or not?

**Mr. Clay:** No, sir.

**The Court:** You want him discharged completely and to [not] act totally and solely as the attorney in your case?

**Mr. Clay:**  Yes, sir.

**The Court:** All right, Mr. Hillary, the order you presented based on the request of Mr. Clay is granted.  You are excused from further responsibilities in connection with his case.

*Id. at 4-6.*

Second, on the day of trial and directly before the *voir dire* proceedings were to begin,

the trial court stated the following:

All right.  We have a jury waiting upstairs.  They are going to be down here, and we are going to start picking a jury.  Before we start, Mr. Clay, I want to ask one more time.  I am required to ask.  I know that you have tried a case by yourself on one prior occasion and were acquitted.  You haven't indicated that you want any lawyer in this case, but I do have an obligation to ask you one more  time.  Do you want an attorney to defend you in this case?

*(Jury Trial Transcript, dated,  9/12/94, pg. 2)*.  Petitioner's response was "No, thanks."  *Id.*

Third, Petitioner testified in his own behalf at trial and made the following statement:

.  .  .  I realized that the way I have to defend myself in Court, I don't need

14

*Clay v. Birkett* - Case No. 04-71996

no attorney or nobody to be able to defend me and give an attorney a thousand
dollars or find it's hard to get money. I'm on my own, God as my witness to
everything that I say. I don't have to worry what a man can do to me. I have
to worry about what God can do to me the most. And I know that I'm telling
the truth. I don't worry about a lot of things. *(Jury Trial Transcript, dated,
9/15/94, pp. 35-36).*

Fourth, at the end of trial, Petitioner presented his own closing argument and stated

in pertinent part:

I don't have to sit up here or stand here to convince anybody in this room of
what happened. I don't have to hire no attorney. If I don't have to hire an
attorney, if I can't afford one, the Court will appoint one to me to sit up and
defend me. I said before whatever words come out of my mouth and whatever
I'm saying is written down in the real book, the real judge, the real law giver
.  .  .   *(Jury Trial Transcript, dated,  9/15/94, pg. 57).*

Fifth, at the conclusion of his supplemental trial relative to the charge of being a

fourth felony habitual offender, and in response to Petitioner's intonation that he planned to

file post-conviction motions in this matter, the trial court stated:

The Court, as a matter of fact, is still willing to appoint a new attorney to
represent Mr. Clay at any time. He had Mr. Hillary, one of the best defense
attorneys in the city, at the time of the preliminary examination and didn't
want him. The court has been prepared to replace Mr. Hillary at any time, but
Mr. Clay, who has tried his own case in the past, and I might add tried it
successfully, he was found not guilty of a felony in front of me about a year
ago, in a case in which he represented himself, the Court has stood ready to
appoint an attorney, but Mr. Clay hasn't been interested.

*(Supplemental Jury Trial Transcript, dated,  9/19/94, pp. 74-75).*

Finally, at sentencing, Petitioner objected to some issues involving his arraignment,

15

*Clay v. Birkett* - Case No. 04-71996

his pre-sentence report, alleged prior offenses and discovery motions. During Petitioner's

exchange with the trial court, Petitioner and the trial judge said the following:

> **The Court:** – – as I have done in the past, I should tell you, you still do have
> the right to an attorney, and I will be happy to furnish you with one if [you]
> want one. I know you rejected one at every stage so far, but I have a duty to
> tell you, you do have the right to an attorney.
>
> **Mr. Clay:** I understand that, your Honor, and I wish to reject at this time of
> having an attorney.

*(Sentencing Transcript, dated, 10/11/94, pp. 10-11).* Moreover, the trial court advised

Petitioner about filing a motion for a new trial, filing an appeal and offered to make copies

of any pleadings he had prepared for filing at that time. *Id. at 13-15.*

### 1. MCR 6.005(D) & (E)

MCR 6.005(D) & (E) states as follows:

> If the court determines that the defendant is financially unable to retain a
> lawyer, it must promptly appoint a lawyer and promptly notify the lawyer of
> the appointment. The court may not permit the defendant to make an initial
> waiver of the right to be represented by a lawyer without first: (1) advising the
> defendant of the charge, the maximum possible prison sentence for the offense,
> any mandatory minimum sentence required by law, and the risk involved in
> self-representation, and (2) offering the defendant the opportunity to consult
> with a retained lawyer, or, if the defendant is indigent, the opportunity to
> consult with an appointed lawyer.

> If a defendant has waived the assistance of a lawyer, the record of each
> subsequent proceeding (e.g., preliminary examination, arraignment,
> proceedings leading to possible revocation of youthful trainee status, hearings,
> trial or sentencing) need show only that the court advised the defendant of the

16

*Clay v. Birkett* - Case No. 04-71996

> continuing right to a lawyer's assistance (at public expense if the defendant is
> indigent) and that the defendant waived that right.  Before the court begins
> such proceedings, (1) the defendant must reaffirm that a lawyer's assistance
> is not wanted; or (2) if the defendant requests a lawyer and is financially
> unable to retain one, the court must appoint one; or (3) if the defendant wants
> to retain a lawyer and has the financial ability to do so, the court must allow
> the defendant a reasonable opportunity to retain one.

*MCR 6.005(D) & (E)*.  A simple review of the above referenced trial court statements to the

Petitioner clearly indicates that it was in complete compliance with MCR 6.005(D) & (E),

which rule was adopted to protect an accused's Sixth Amendment' rights.

### 2.  Sixth Amendment & U.S. Supreme Court Law

In *Faretta,* the U.S. Supreme Court held that a defendant "has a constitutional right

to proceed without counsel when he voluntarily and intelligently elects to do so." *Faretta*

*v. California,* 422U.S. at 807.  Further, a defendant must be made aware of the dangers and

disadvantages of self representation in order to proceed pro se, "so that the record will

establish that 'he knows what he is doing and his choice is made with eyes wide open.'" *Id.*

at 834, n. 46, 835.  Therefore, while the right to self-representation is a fundamental

constitutional right, other interests such as the failure to effectively waive the right to counsel

or a governmental interest in "ensuring the integrity and efficiency of the trial" may in some

instances outweigh the defendant's constitutional right to act as his own counsel. *Martinez*

*v. Court of Appeals of California,* 528 U.S. 152, 162 (2000).  Petitioner asserts that he did

not effectively waive his right to counsel in this case.  The Court disagrees.

17

*Clay v. Birkett  -  Case No.  04-71996*

Case law provides the guidelines for courts to consider when excepting a waiver of counsel:

> To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.

*Von Moltke v. Gillies,* 332 U.S. 708, 724 (1948).

> While the extent to which a court must probe into these elements in order to render a waiver of counsel proper varies from cases to case, the court's obligation to maintain the integrity of the Sixth Amendment remains constant.

*Fowler v. Collins,* 253 F.3d 244, 249 (6th Cir. 2001).

Upon the Court's review of the colloquy between the Petitioner and the trial court, again, it is clear that the trial court complied with the constitutional requirement. The trial court was not under a duty to repeatedly reconfirm his waiver of counsel.

Finally, Petitioner was warned of the dangers and risks of self-representation, this assertion is proven to be untrue by the trial court record wherein Petitioner was specifically advised about the risks.[2]

---

[2]"I'm also advised and required to inform you that it is deemed to be a risk to represent one's self. Typically in a trial of a criminal case, when one is personally involved in it, one loses his or her perspective and judgment, and can't frequently act as appropriately or as is frequently expected in a courtroom, and that often puts you at risk of jeopardizing your case before any fact finder. You recognize those risks?" *(Motion to Withdraw as Counsel Transcript, dated 4/12/94, pp. 5-6).*

*Clay v. Birkett* - Case No. 04-71996

Therefore, habeas relief is denied.

**B.** **Whether the Prosecutor's Remarks During Closing Argument Resulted in an Unfair Trial for the Petitioner**

During closing arguments, the prosecution stated to the jury that a presumption of Petitioner's guilt is evident by the phrasing of his (Petitioner's ) questions to several officers who were testifying as witnesses at trial (i.e., "upon seeing Mr. Clay hit Mr. Heuvelman, what did you do,?" "who was the first officer that grabbed Mr. Clay when he punched Mr. Heuvelman,?" "which way were you facing when Mr. Clay punched you?" etc). It is Petitioner's position that the prosecutor's statements to the jury were prejudicial and resulted in him receiving an unfair trial. Respondent asserts that this issue is procedurally defaulted and cannot be a basis upon which habeas relief is granted. The Court agrees.

**1. Procedural Default**

There are four criteria that this Court must analyze when reviewing a procedural default issue. First, for the doctrine of procedural default to apply, there must be a firmly established state procedural rule that is applicable to the Petitioner's claim and which the Petitioner failed to follow. *Warner v. United States,* 975 F.2d 1207, 1213-14 (6th Cir. 1992). Second, the last state court from which the Petitioner sought review must have invoked the

*Clay v. Birkett* - Case No. 04-71996

state procedural rule as a basis for its decision to reject review of the petitioner's federal claim. *Coleman v. Thompson,* 501 U.S. 722, 729-30 (1991). Third, the state procedural rule must constitute an adequate and sufficient state ground upon which to foreclose federal relief. *White v. Schotten,* 201 F.3d 743, 749 (6th Cir. 2000).

> When a state court judgment appears to have rested primarily on federal law or was interwoven with federal law, a state procedural rule is an independent and adequate state ground only if the state court rendering judgment in the case clearly and expressly stated that its judgment rested on a procedural bar.

*Simpson v. Sparkman,* 94 F.3d 199, 202 (6th Cir. 1996). Finally, the Court must determine whether the Petitioner has established cause for his failure to follow the rule and prejudice by the alleged constitutional error. *Id.*

In this case the Michigan Court of Appeals stated in its opinion that the Petitioner failed to preserve the prosecutorial misconduct issue for appeal by not objecting to the prosecutor's alleged argument to the jury during summation. *See, People v. McElhaney,* 215 Mich. App. 269, 283; 545 N.W.2d 18 (1996). The state procedural rule in question here is the preservation rule, or the contemporaneous objection rule. The preservation rule was firmly established and regularly followed before Petitioner's 1994 trial. *See, e.g., People v. Grant,* 445 Mich. 535, 546 (1994). Specifically, a criminal defendant must present a claim to the trial court for consideration in order to preserve the claim for appellate review. *Id.* (acknowledging the general rule that issues not properly raised before a trial court cannot be raised on appeal absent compelling or extraordinary circumstances).

20

*Clay v. Birkett  -  Case No.  04-71996*

Accordingly, Petitioner waived his right to have this issue reviewed by the Michigan

Court of Appeals, unless there had been plain error affecting his substantial rights.  *People*

*v. Carines,* 460 Mich. 750, 763; 597 N.W.2d 130 (1999).

Second, the Michigan Court of Appeals was the last state court to render a reasoned

judgment on Petitioner's claim.  It enforced the preservation rule by stating in its opinion that

Petitioner failed to object to the prosecutor's comments and that a reversal would only be

proper if a "curative instruction could not have eliminated the prejudicial effect or where

failure to review the issue would result in a miscarriage of justice." *People v. Clay,* 1997 WL

33354444, Mich. Ct. App. No. 183102, *1 (per curiam) (January 21, 1997).  A fundamental

miscarriage of justice will result  "where a constitutional violation has probably resulted in

the conviction of one who was actually innocent." *Murray v. Carrier,* 477 U.S. 478, 495

(1986).  The *Clay* court held that "[e]ven though the prosecutor's remarks were improper,

any error was cured by the court's instruction to the jury that it was not to consider the

attorney's statements as evidence" and that the "evidence against the defendant was

overwhelming." *Id.* at *2.

Third,  the state appellate court's discussion regarding the curative instruction and

"overwhelming evidence" does not preclude this Court from concluding that Petitioner's

claim is procedurally defaulted.  *See, Harris v. Reed,* 489 U.S. 255, 264 (1989), n. 10;

*Paprocki v. Foltz,* 869 F.2d 281, 285 (6th Cir. 1989).  Therefore, the state court's reliance on

Petitioner's failure to make timely objections relative to the alleged prosecutorial misconduct

*Clay v. Birkett  -  Case No.  04-71996*

was an adequate and independent state ground for foreclosing review.  *Luberda v. Trippett,* 211 F.3d 1004, 1006-07 (6th Cir. 2000); *see  Engle v. Isaac,* 456 U.S. 107, 110 (1982).

Even if there were not a procedural default, any error could have been cured by an instruction.  In addition, any error was harmless. Finally, relative to the issue of "cause," Petitioner sets forth no argument as to this prong of the procedural default analysis; and therefore, the Court finds no "cause" for the procedural default.  If the Petitioner cannot show cause for the procedural default, it is unnecessary for the Court to reach the prejudice issue. *Smith v. Murray,* 477 U.S. 527, 533 (1986); *Bell v. Smith,* 114 F.Supp.2d 633, 638 (E.D. Mich. 2000).   Therefore, the issue of prosecutorial misconduct is procedurally defaulted. It cannot be a basis for habeas relief.

### C.  Whether Petitioner was Properly Sentenced as an Habitual (Fourth Offense) Offender

The prosecutor argued at trial that the offense presently at issue is Petitioner's fourth conviction; and therefore he should be sentenced as an habitual (fourth offense) offender. The convictions alleged to make up the four offenses are: (1) malicious destruction of police property in 1985; (2) attempted receiving and concealing of stolen property over $100.00 in 1986; (3) obstruction of justice in 1993/1994; and (4) assaulting a corrections officer in 1994. Petitioner argues that the prosecutor failed to establish beyond a reasonable doubt that he was convicted of obstructing justice; and he should not have been sentenced as an habitual (fourth offense) offender.

*Clay v. Birkett* - Case No. 04-71996

The Court denies Petitioner's request for habeas relief relative to this issue for two reasons. First, Petitioner's alleged status as an habitual offender is a state law issue which raises no constitutional claims. Therefore, this issue is not reviewable in federal habeas proceedings. *Montoya v. New Mexico,* 55 F.3d 1496, 1499 (10th Cir. 1995). Second, even if this issue were reviewable by the Court, proof beyond a reasonable doubt is not a requirement to prove the validity of a prior conviction. *People v. Zinn,* 217 Mich. App. 340, 344-47*;* 551 N.W.2d 704 (1996). Habitual offender laws are merely sentence enhancements, not substantive crimes. *Id.* The existence of a prior conviction may be established by any evidence that is relevant for that purpose, including, court documents, trial testimony, plea agreements and sentence judgments. *See, People v. Green,* 228 Mich. App. 684, 700; 580 N.W.2d 444 (1998).

Therefore, habeas relief is denied relative to the habitual offender issue.

### D.  Whether Petitioner was "Lawfully Imprisoned" When the Assault Upon Officer Heuvelman Occurred

As cited above, the statute under which Petitioner was charged regarding his alleged assault upon Officer Heuvelman requires that the Petitioner have been "lawfully imprisoned" at the time the assault took place. *MCL §750.197c; MSA §28.394(3).* The reason Petitioner was incarcerated at the time of the alleged assault, was due to his CCW arrest and conviction, which was subsequently overturned. Because of the reversal of his CCW conviction, Petitioner asserts that he was not "lawfully imprisoned" at the time of the alleged assault; and

23

*Clay v. Birkett  -  Case No.  04-71996*

therefore, the prosecutor failed to produce sufficient evidence under  MCL §750.197c; MSA §28.394(3)  and  pursuant  to  *Jackson v. Virginia,*  443  U.S.  307  (1979)  to  support  his conviction.   The *Jackson* Court held that "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia,* 443 U.S. at 319.

Respondent asserts that the issue before the Court is not a federal due process claim based upon the insufficiency of evidence under *Jackson.*   Rather, Petitioner's assertion of this claim is his attempt to have the Court review and challenge the state court's decision that the facts  surrounding  Petitioner's  CCW  arrest  and  conviction  resulted  in  his  "lawful imprisonment" and subsequent conviction under MCL §750.197c; MSA §28.394(3).

> This is not a claim upon which habeas relief can be granted.
>
> Evidence can be "insufficient" only in relation to a rule of law requiring more or different evidence.  When a state court enters or affirms a conviction, it is saying that the evidence satisfies the legal norms.  These norms are for the state to select.  State law means what state courts say it means.  A claim that the state court misunderstood the substantive requirements of state law does
>
> not present a claim under §2254.  "A federal court may not issue the writ on the basis of a perceived error of state law."

*Sanford v. Yukins,* 288 F.3d 855, 860 (6th Cir. 2002), quoting, *Bates v. McCaughtry,* 934 F.2d 99, 102 (7th Cir. 1991).  Petitioner is not asserting that the evidentiary facts giving rise to his

24

*Clay v. Birkett  -  Case No. 04-71996*

CCW arrest were insufficient, but rather that the state court erred in its interpretation of the "lawful imprisonment" element of MCL §750.197c; MSA §28.394(3).  This is precisely the situation upon which habeas relief cannot be granted, even though cloaked in a *"Jacksonian* disguise." *See, Bates v. McCaughtry,* 934 F.2d at 103.

Accordingly, Petitioner's request for habeas relief relative to this issue is denied.

## VI. <u>CONCLUSION</u>

For the foregoing reasons, the Court concludes that all of Petitioner's claims for habeas relief filed pursuant to 28 U.S.C. §2254 either lack merit, are not subject to habeas review  or are barred by the doctrine of procedural default.  Consequently, Petitioner's application for federal habeas corpus relief shall be dismissed and the writ denied.

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus **[Doc. #1-1, filed May 26, 2004]** is **DENIED** and this matter is **DISMISSED WITH PREJUDICE.**

s/Arthur J. Tarnow   

Arthur J. Tarnow

United States District Judge

Dated:  September 23, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 23, 2005, by electronic and/or ordinary mail.

s/Catherine A. Pickles   

Judicial Secretary
